IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR TIGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-115-WKW |
| | ) | [WO] |
| LOWNDES COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Arthur Tigner, a pretrial detainee at the Lowndes County Jail in Alabama, filed a *pro se* 42 U.S.C. § 1983 complaint in the United States District Court for the Northern District of Alabama.  (Doc. # 1.)  He also filed an *in forma pauperis* affidavit.  (Doc. # 5.)  On February 23, 2026, this action was transferred to this court.  (Docs. # 6, 7.)

By Order dated February 25, 2026, Plaintiff was directed to (1) file an amended complaint using a proper *pro se* inmate complaint form used for filing 42 U.S.C. § 1983 actions and (2) either pay the filing and administrative fees or file a proper application for leave to proceed *in forma pauperis* along with a certified prison account statement reflecting the average monthly balance in and average monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint.  (Doc. # 8 ("February 25 Order").)  The

February 25 Order expressly cautioned Plaintiff that his failure to comply would result in the dismissal of this action.  (Doc. # 8 at 2–3.)

To date, Plaintiff has not filed an amended complaint using the proper complaint form.  He also has not paid the filing fees or submitted a proper application to proceed *in forma pauperis* accompanied by his prison account statement.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-*

2

*Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with the February 25 Order, despite its express directives and warnings. Consequently, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 25th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3